Argued at Pendleton May 8; affirmed June 26; rehearing denied
September 18, 1934

## SMYTH ET AL. *v.* JENKINS

(33 P. (2d) 1007)

*C. B. McConnell,* of Burns, for appellants.

*J. W. Biggs,* of Burns, for respondent.

RAND, C. J.   This is a suit to enjoin the defendant from preventing plaintiffs' use of a natural slough on defendant's premises as a means of conducting water from McCoy creek to plaintiffs' premises during the nonirrigating season for stock water. Upon the filing of the complaint, a temporary injunction was issued but upon the final hearing, the suit was dismissed and the injunction dissolved. Plaintiffs have appealed.

The material facts are as follows: The plaintiffs and the defendant are the owners in severalty of adjoining tracts of land in Diamond valley, Harney county, Oregon. Plaintiffs' lands consist of 240 acres and defendant's of 550 acres. These lands are natural meadows producing wild hay which is cut and stacked on the ground for winter feeding and are irrigated by the overflow and seepage from small streams, of which McCoy creek is one, flowing from the north and east end of the Steen mountains and by natural sloughs leading therefrom. Until about 1917, these lands were a part of the large body of land in Diamond valley owned by the Eastern Oregon Livestock Company and by its predecessor in interest, the French-Glenn Company, and were then used, as now, for the production of wild hay for the feeding of stock. The lands now owned by the defendant were sold and conveyed by the Eastern Oregon Livestock Company to Mrs Anna Haines in 1917 and by her to the defendant in 1925. The lands now owned by the plaintiffs were sold and conveyed by said company in 1919 to Mr. A. H. Page, who conveyed the same to plaintiffs in 1929.

The plaintiffs claim the right as riparian owners to have the water of McCoy creek which flows through the lands of the plaintiffs and defendant conducted by means of a slough which heads on defendant's premises and also passes into, if not through, the premises of plaintiffs so that they can use the water through the slough for stock water during all seasons of the year.

Whether plaintiffs have such right depends upon whether or not the right to use the slough for the purposes of conducting water to their premises for the watering of stock during the nonirrigating season of the year was appurtenant to the lands at the time they

were conveyed by the Eastern Oregon Livestock Company to plaintiffs' immediate grantor, or has since been acquired by some grant or by prescription. Whether such right was appurtenant to their lands at the time of their purchase by plaintiffs' immediate grantor depends upon the condition of the lands at the time they were granted and how far the use of such water, through the slough, had been used and was then necessary to the enjoyment of the lands.

■ The uncontradicted evidence shows that at the head of this slough there has been erected and maintained for many years a dam in order to prevent the water from flowing into the slough at all times of the year except during the irrigating season. When this dam was erected or by whom the evidence does not disclose, but that it has been maintained for that purpose and was so maintained long before the parties to this suit acquired any interest in these lands is clearly established by the evidence. It is also clearly established by the evidence that, after the irrigation had been completed and the crop had matured, water was always shut off from the slough in order to dry the land so that the crop could be cut. The evidence further shows that McCoy creek flows through the premises of the defendant and the plaintiffs and furnishes the same stock water to the plaintiffs that could be obtained through the slough if plaintiffs were permitted to use the same through the slough, and there is no evidence showing or tending to show that either the French-Glenn Company or the Eastern Oregon Livestock Company, or their immediate grantee, A. H. Page, ever conducted any water to these lands for stock water purposes. On the contrary, plaintiffs' own testimony shows that their grantor, A. H. Page, kept and main-

tained a lambing shed at or near the banks of McCoy creek and watered his stock from the main channel of McCoy creek, and that that point is only 900 feet distant from the place where such water would be furnished through the slough.

The evidence further shows that Page, while in possession of the premises, installed a pump to supplement the water when the main channel was dry. There is no testimony tending to show that any stock had ever been watered from the slough on plaintiffs' premises, or that any right had ever been claimed to water the stock at that place by any grantor of the plaintiffs, and that plaintiffs have only been the owners and in possession of the place since 1929.

The evidence further shows that the defendant is a sheepman and uses the hay raised on his premises for the feeding of sheep; that he has about 75 or 80 acres of land, lying between the main channel and the slough, from which he cuts annually about 75 tons of hay; that during the time any water runs in the slough the sheep cannot cross it without danger of miring down and being drowned; that a considerable number of sheep being fed on defendant's premises did mire down and some of them were drowned during the time the temporary injunction was in force.

It also appears from the evidence that, after the slough had been used for the carrying of water during the nonirrigating season of the year, this 75 tons of hay would have to be hauled across the slough and that, because of the condition of the slough when wet, the expense of feeding the sheep on defendant's premises would be greatly increased.

It seems to us very clear from this testimony that the right to use the slough for conducting the water of

McCoy creek to the premises of the plaintiffs for stock water purposes was never appurtenant to the lands of the plaintiffs since the slough had never been used for that purpose at any time before plaintiffs purchased the premises. That the water was appurtenant to their premises for irrigation purposes is clear and undisputed, but the right was limited to the irrigating season and for irrigation purposes and did not embrace or include the right to use the water through the slough for any other purpose or at any other season of the year. This, we think, is clearly established by the evidence and does not entitle the plaintiffs to the relief claimed.

█ It appears that on one occasion, Mr. Page, while the owner of plaintiffs' premises, was permitted to turn water from McCoy creek into the slough in order to irrigate some trees and a small garden which he had planted upon the land. This is the only time that the evidence shows that water had ever flowed through the slough from McCoy creek except during the irrigating season of the year, and, since this was a permissive use, it could not be the basis of a claim of right upon the part of the plaintiffs to have the water turned into the slough for stock water purposes.

For these reasons, we are constrained to hold that the plaintiffs have no right to the use of the slough to conduct water to their premises except for irrigating purposes and then only during the irrigation season and only in the manner it has been heretofore used. The decree, therefore, is affirmed.

CAMPBELL, BEAN and BAILEY, JJ., concur.